UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL WAYNE BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 5291 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BERNEITA BARNES, S.A. GODINEZ, LUKE HARTIGAN, and GLADYSE C. TAYLOR, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this suit under 42 U.S.C. § 1983, Darrell Wayne Bolden, an inmate in the Illinois Department of Corrections, alleges that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs. Doc. 9. Bolden's claims against Defendants Godinez, Hartigan, and Taylor were dismissed under 28 U.S.C. § 1915A, leaving only his claims against Defendant Barnes. Doc. 8. Barnes has moved for summary judgment. Doc. 34. Bolden filed a written response to the motion, Doc. 40, and a pleading styled "Motion To Be Awarded," Doc. 41. Barnes's motion is granted and Bolden's motion is denied.

**Background**

"[A] district court is entitled to decide [a summary judgment] motion based on the factual record outlined in the [parties'] Local Rule 56.1 statements." *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (internal quotation marks and alterations omitted); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law,

we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings"); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("[w]e have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions"); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005) ("we have … repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1") (alteration omitted). Bolden's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel") (citations omitted); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("[t]hough courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules"); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure").

      Consistent with the local rules, Barnes filed a Local Rule 56.1(a)(3) statement of undisputed facts along with her summary judgment motion. Doc. 36. Each substantive assertion of fact in the Local Rule 56.1(a)(3) statement cites evidentiary material in the record and is supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set

forth in that paragraph."). Also consistent with the local rules, Barnes filed and served on Bolden a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1. Doc. 37.

Although Bolden responded in writing to the summary judgment motion, Doc. 40, he did not file either a Local Rule 56.1(b)(3)(B) responses to Barnes's Local Rule 56.1(a)(3) statement or a Local Rule 56.1(b)(3)(C) statement of additional facts. Accordingly, the facts set forth in Barnes's Local Rule 56.1(a)(3) statement are deemed admitted and constitute the entire factual record on which her summary judgment motion will be resolved. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); *Smith v. Lamz,* 321 F.3d 680, 682-83 (7th Cir. 2003).

Bolden's written response to the summary judgment motion asserts certain facts. Those facts are disregarded because facts may be considered on summary judgment only if they are presented in a compliant Local Rule 56.1 statement or response. *See Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (holding that the predecessor to Local Rule 56.1(b)(3) "provides the only acceptable means of … presenting additional facts to the district court"); *Dunhill Asset Servs. III, LLC v. Tinberg*, 2012 WL 3028334, at *3 (N.D. Ill. July 23, 2012) ("Under settled law, facts asserted in a brief but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion.") (internal quotation marks omitted); *Garner v. Lakeside Cmty. Comm.*, 2011 WL 2415754, at *1 n.1 (N.D. Ill. June 13, 2011) ("the

Court disregards any additional statements of fact contained in a party's response brief but not in its L.R. 56.1(b)(3)[] statement of additional facts"); *Curtis v. Wilks*, 704 F. Supp. 2d 771, 789 (N.D. Ill. 2010) ("Any facts plaintiffs assert in their response brief that were not included in their LR 56.1 submissions will not be considered."); *Byrd-Tolson v. Supervalu, Inc.*, 500 F. Supp. 2d 962, 966 (N.D. Ill. 2007) ("facts are properly presented through the framework of the Rule 56.1 statements, and not through citation in the briefs to raw record material").

The court's decision to disregard those facts is consistent with *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394 (7th Cir. 2012). *Sojka* holds that where a non-movant properly includes facts sufficient to preclude summary judgment in its Local Rule 56.1(b)(3)(B) response or Local Rule 56.1(b)(3)(C) statement of additional facts, the district court must consider those facts even if the non-movant does not also refer to those facts in its summary judgment brief. *Id*. at 397-98. Here, Bolden's problem is not that he properly presented facts under Local Rule 56.1(b)(3) and simply neglected to mention those facts in his briefs, but rather that he filed no Local Rule 56.1(b)(3)(B) responses or Local Rule 56.1(b)(3)(C) statement. *Sojka* did not abrogate the numerous decisions cited above that call for the court to disregard the factual assertions in Bolden's brief that are not properly set forth in a Local Rule 56.1(b)(3) statement or response.

Viewed as favorably to Bolden as permitted by Local Rule 56.1, the record indisputably establishes the following. At all relevant times, Bolden was an inmate and Barnes was a correctional counselor at Stateville Correctional Center. Doc. 36 at ¶¶ 1-2. On or about September 23, 2011, Bolden entered Stateville's Northern Reception Classification Center ("NRC"). *Id*. at ¶ 4. Bolden underwent a physical examination at the NRC, including tests of his eyes, nose, ears and teeth. *Id*. at ¶ 5. During the examination, Bolden turned over the medicines

that he had brought with him from Cook County Jail, and a nurse provided Bolden with a seven-day supply of his medications. *Id*. at ¶ 6. Bolden participated in an orientation process that taught incoming inmates about Stateville's rules, and he was given a manual explaining Stateville's rules and regulations. *Id*. at ¶ 7. After finishing his first week's supply of medicine, Bolden informed a nurse, and a day or two later he received another seven-day supply. *Id*. at ¶ 8.

On October 21, 2011, Bolden submitted his first grievance, which sought medicine for his dry skin condition and bowel issues, sought a special shampoo for his scalp, and asked to cut his toe nails. *Id*. at ¶ 9. After receiving Bolden's grievance, Barnes responded in writing that a copy of the grievance would be forwarded to the Health Care Unit ("HCU"), that the original would be forwarded to the Grievance Office, and that once the HCU responded to the Grievance Office, Bolden would receive a final response from the Grievance Office. *Id*. at ¶ 10.

On October 31, 2011, Bolden submitted his second grievance, which sought the same medications that had been prescribed for him at Cook County Jail. *Id*. at ¶ 12. On November 2, 2011, Barnes responded in writing that the grievance would be forwarded to the HCU, that the original would be forwarded to the Grievance Office, and that once the HCU responded to the Grievance Office, Bolden would receive a final response from the Grievance Office. *Id.* at ¶ 13.

On November 6, 2011, Bolden submitted his third grievance, which also sought medications. *Id*. at ¶ 14. The same day, Bolden sent Barnes an offender request, stating that he had not had his blood pressure medication since October 25, 2011. *Ibid*. On November 8, 2011, Barnes responded in writing to the third grievance, stating that he had already filed a grievance that was being processed, that there was no need for a duplicate grievance, and that he needed to wait for a response from the Grievance Office. *Id*. at ¶ 15. On November 12, 2011, Barnes

informed Bolden in writing that she had previously informed him in writing that his original grievance had been sent to the Grievance Office, that a copy of his grievance had been sent to HCU for review and response, that this was all she could do with his grievance, and that he would be receiving a response soon. *Id*. at ¶ 16.

Later in November 2011, Bolden was transferred to Robinson Correctional Center. *Id*. at ¶ 17. On January 6, 2012, Bolden received responses to his grievances from Stateville's Grievance Office; the responses were signed by Stateville's Chief Administrative Officer, Marcus Hardy. *Ibid*.; Doc. 36-8. Bolden did not consult the rules regarding the grievance procedure to see if he could appeal the decisions on his grievances, and nor did he ask his counselor at Robinson if he could appeal. Doc. 36 at ¶ 18. Bolden never appealed any decision from the Stateville Grievance Office or from Barnes regarding his three grievances. *Id*. at ¶ 19.

## Discussion

The Prison Litigation Reform Act provides in relevant part: "No action shall be brought with respect to prison conditions … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Seventh Circuit recently summarized the exhaustion requirement as follows:

> Prisoners must properly exhaust all available administrative remedies before pursuing claims, including § 1983 actions, in federal court. A prisoner must exhaust his grievances in accordance with prison procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 84, 88 (2006). In Illinois, the last level of appeal for a prisoner pursuing a grievance is a final determination by the Director. 20 Ill. Admin. Code 504.850(a)-(f). Exhaustion is an affirmative defense, with the burden of proof on the defendants.

*Turley v. Rednour*, __ F.3d __, 2013 WL 3336713, at *2 (7th Cir. Jul. 3, 2013) (some citations omitted); *see also Pavey v. Conley* 663 F.3d 899, 903 (7th Cir. 2011); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

As noted in *Turley*, to exhaust administrative remedies, an Illinois prisoner must appeal an adverse decision on his grievance to the Director of the Department of Corrections. *See Conley v. Anglin*, 513 F. App'x 598, 601 (7th Cir. 2013) ("Under Illinois rules, the offender must 'appeal in writing to the Director within 30 days after the date of the decision.'") (citing 20 Ill. Admin. Code 504.850). Here, it is undisputed that Bolden never appealed the Chief Administrative Officer's decisions to the Director. It follows that Bolden failed to exhaust his administrative remedies, and therefore that Barnes is entitled to summary judgment. *See Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) (holding that summary judgment was "appropriate" where the prisoner failed to appeal an adverse decision on his grievance to the Director); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005) (same); *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002) (same). "Because administrative remedies have not been exhausted, [the court] express[es] no opinion on the merits." *Burrell*, 431 F.3d at 285 n.2.

**Conclusion**

For the foregoing reasons, Barnes's summary judgment motion is granted. Because the judgment in Barnes's favor rests on exhaustion grounds, it is "without prejudice to [Bolden's] initiating another action if he deems it appropriate after he has exhausted administrative remedies." *Id*. at 285; *see also Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust."); *Ford*, 362 F.3d at 401 (holding that "*all* dismissals

under § 1997e(a) should be without prejudice"). And because Barnes is granted summary judgment, Bolden's "motion to be awarded" necessarily is denied.

October 22, 2013

_____

United States District Judge